IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALEX MOGLIA,** as Chapter 7 trustee in the bankruptcy estate of **Andrea Williams** Case No. 18-16866, **Plaintiffs,** v. **WELLS FARGO BANK, N.A.,** **Defendant.** | **CIVIL ACTION NO: 1:24-cv-02241** |

### <u>DJC LAW PLLC'S MEMORANDUM IN SUPPORT OF THE MOTION TO INTERVENE</u>

Comes now Andres Pereira on behalf of DJC Law PLLC ("DJC") and hereby files this Memorandum in Support of the Motion to Intervene, Docket No. 60, pursuant to Fed. R. Civ. P. 24(a)(2) and states as follows:

### INTRODUCTION

Plaintiff Alex Moglia in his capacity as Chapter 7 trustee in the bankruptcy estate of Andrea Williams, brings this action for damages from Wells Fargo's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. ("ICFA"). On more than one occasion, Wells Fargo failed to properly evaluate and calculate Ms. William's eligibility for a loan modification which resulted in multiple improper denials of Ms. William's applications for which she qualified, resulting in the loss of her home through foreclosure and a deficiency judgment against Ms. Williams, and forced her into Chapter 7 bankruptcy.

The DJC law firm has been retained to represent Alex Moglia in his capacity as Chapter 7 trustee in the bankruptcy estate of Andrea Williams. The DJC law firm had an attorney client contract to represent Ms. Williams in this matter. On October 11, 2024, attorney Nick Wooten left the DJC law firm. After the departure of Mr. Wooten, the DJC law firm received notice that Ms. Williams was terminating the attorney client contract with DJC.

Pursuant to Fed. R. Civ. P. 24(a)(2), DJC moves to intervene in this matter in order to file a lien to protect DJC's attorney fee and expense reimbursement interest as it relates to the attorney/client contract with Andrea Williams. The intervention is timely and disposing of the matter may impair or impede DJC's ability to protect its interest. DJC has a direct interest in the recovery of the contractual attorney's fees and expenses and is not adequately represented by the existing parties.[1]

## LEGAL STANDARD

DJC seeks to intervene as of right under Rule 24(a), which requires it to (1) make a timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired by the action's disposition and (4) demonstrate a lack of adequate representation of the interest by the existing parties. *Vollmer v. Publishers Clearing House,* 248 F. 3d 698, 706 (7th Cir.2001), *citing Nissei Sangyo America, Ltd. v. United States,* 31 F.3d 435, 438 (7th Cir.1994). DJC is required to show each of these four elements. *See Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir.1985).

## ARGUMENT

The timeliness requirement, rather than imposing a precise time limit, essentially means that an intervenor must "act with dispatch," *Atlantic Mutual Ins. Co. v. Northwest Airlines, Inc.,* 24 F.3d 958, 960 (7th Cir.1994). Intervention is unavailable to the litigant who "dragged its heels" after learning of

---

[1] *See* Illinois Code Section 770 ILCS 5/1, and *United States v. 36.96 Acres of Land,* 754 F.2d 855, 858 (7th Cir.1985).

the lawsuit. *United States v. City of Chicago,* 870 F.2d 1256, 1263 (7th Cir.1989). This test essentially sets out a reasonableness standard: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly. *United States v. South Bend Community School Corp.,* 710 F.2d 394, 396 (7th Cir. 439*439 1983), *cert. denied,* 466 U.S. 926, 104 S.Ct. 1707, 80 L.Ed.2d 181 (1984).

Here, DJC acted in a timely manner. DJC received notice from Ms. Williams that she was terminating the attorney client relationship on October 25, 2024. DJC sought to intervene in this matter four days later on October 29, 2024 [Dkt. 60]. By moving to intervene within days, DJC acted "with dispatch" and was therefore diligent and acted promptly from the time it was informed of the termination and the move to intervene. The timeliness requirement of Rule 42(a) is therefore satisfied.

DJC has a direct and substantial interest related to the subject matter of this action. *See Southmark Corp. v. Cagan*, 950 F. 2d 416, 418 (7th Cir.1991). DJC was representing Ms. Williams in this case and had a contingent fee interest in this case based on an attorney client contract with Ms. Williams. In order to protect its fee and reimbursement of expense interest, DJC must file a lien in this matter and provide notice of that lien under Illinois law. Illinois Code Section 770 ILCS 5/1. Which states in part:

> Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients…
>
> To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action. Such lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the notice.

DJC seeks to intervene here to protect its fee and expense reimbursement interest in the case should Ms. Williams make a recovery over and above that which will satisfy the bankruptcy estate's interest in the litigation. This interest is direct and is substantially related to the underlying case before the court. As such, the second requirement of Rule 24(a) is satisfied.

As to the third requirement, if Ms. Williams makes a recovery in this case which exceeds the interest of the bankruptcy estate, and an attorney fee and expense reimbursement lien is not in place, DJC's ability to recover will be greatly impaired. It is well recognized that once funds from a lawsuit are distributed to a party in litigation, either through judgment or settlement, an attorney's ability to claw back fees and expenses is greatly impaired. As such, states have implemented laws, such as the above Illinois attorney fee lien law to provide a means for attorneys to recover fees and expenses form clients where necessary. If this case is decided or settled in Ms. Williams favor, and funds are distributed without a lien in place, DJC's interest will be impaired.

Finally, the parties to this action are Alex Moglia, as Chapter 7 trustee in the bankruptcy estate of Andrea Williams and Wells Fargo Bank, N.A.. Neither party will adequately represent DJC's interest in recovery of its attorney's fees and expenses in this case. Neither the bankruptcy estate nor Wells Fargo have a stake in DJC's recovery of fees and expenses should Ms. Williams recover in this case. Only DJC can protect this interest and therefore this intervention is necessary because the existing parties will not represent DJC's interest.

**CONCLUSION**

For the foregoing reasons, DJC respectfully requests that this Court allow DJC to intervene in this matter pursuant to Rule 42(a) to assert a lien for its attorney's fees and reasonable expense reimbursement.

Dated: November 4, 2024.

*Respectfully submitted,*

/s/ *Andres C. Pereira*
Andres Pereira
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
apereira@teamjustice.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, a true and correct copy of the foregoing DJC Law PLLC Memorandum in Support of the Motion to Intervene and Notice of Attorney Fee and Case Expense Lien was filed via the Court's CM/ECF system, which will serve a copy on all counsel of record.

/s/ *Andres C. Pereira*
Andres Pereira