**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Alex D Moglia, et al.

                    Plaintiff,

v.                                                          Case No.: 1:24–cv–02241
                                                            Honorable April M. Perry

Wells Fargo Bank, N.A.

                    Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, July 29, 2025:

      MINUTE entry before the Honorable April M. Perry: Hearing held on 7/29/2025. Plaintiff's motion in support of jurisdiction to determine attorney's fees [120] is granted insofar as the Court agrees that it has jurisdiction, but denied insofar as the Court declines to withdraw this matter from the bankruptcy court. As was discussed in greater detail in open court, the parties agree that the attorney fee issue is related to a case that is brought under Title 11 to the United States Code. Pursuant to Local Rule 40.3.1(a), all such proceedings are referred to the bankruptcy judges of this District. Although the Court may withdraw the referral in certain circumstances, 28 U.S.C. § 157(d), the Court does not find such circumstances to be present here. Compensation of professionals who provide service to the bankruptcy estate is generally governed by 11 U.S.C. § 330. DJC argues that it is not seeking fees under § 330, and instead seeking the assistance of the equitable theory of quantum meruit. However, DJC has not argued that withdrawal of the referral is mandatory under 28 U.S.C. § 157(d). The Court agrees that it is not: Whether or not DJC is entitled to quantum meruit compensation does not require any interpretation (as opposed to application) of a law outside of Title 11, such that withdrawal of the referral would be required. See Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) ("mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of [a] non–title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non–title 11 law"). With respect to permissive withdrawal, the Court does not find it appropriate here because the bankruptcy court has more familiarity with both the legal issues surrounding compensation for professionals in bankruptcy cases and the factual history of this particular dispute. Finally, given that the parties agree the underlying matter has been settled, the court strikes the pending motion to dismiss [12] in this case as moot, with leave to refile it if the settlement does not proceed. Mailed notice. (jcc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.