**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALEX MOGLIA, as Chapter 7 trustee in the bankruptcy estate of Andrea Williams Case No. 18-16866** | |
| **Plaintiffs,** | **CIVIL ACTION NO: 1:24-cv-02241** |
| **v.** | |
| **WELLS FARGO BANK, N.A.,** | |
| **Defendant.** | |

**DJC LAW, PLLC'S MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 59(e) AND FOR RELIEF FROM JUDGMENT OR ORDER UNDER RULE 60(b)**

NOW COMES DJC Law, PLLC ("DJC"), by and through its undersigned counsel, and respectfully moves this Court, pursuant to Rules 59(e) and 60(b)(1) & (6) of the Federal Rules of Civil Procedure, for reconsideration of this Court's July 29, 2025 Minute Entry declining to adjudicate DJC's quantum meruit fee claim.

## I.    INTRODUCTION

DJC moves under Rules 59(e) and 60(b) to correct a manifest error in the Court's July 29, 2025 order. Once a federal court acknowledges jurisdiction it has a "virtually unflagging obligation" to exercise it, absent a recognized exception. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Respectfully, the Court's invocation of the permissive withdrawal standard of 28 U.S.C. § 157(d) as an exception was error. Section 157(d) only is needed when the District Court does not possess concurrent jurisdiction over the dispute, so its jurisdiction must be obtained through § 157(d). And Section 157(d) is only available and applicable when a party files a motion to withdraw the reference under § 157(d), which no party moved for, or requested.

1

A withdrawal of the reference was not required and would not have been appropriate here. DJC did not seek such relief. It requested this Court to exercise its original jurisdiction under 28 U.S.C. § 1334(b) over DJC's Illinois state-law quantum meruit claim—which this Court has agreed it possesses original jurisdiction to adjudicate. For the reasons argued below the order should be amended to decide the question presented by the movant, *i.e.*, whether this Court will exercise or refrain from exercising the concurrent jurisdiction that its order recognizes the Court already possessed, based on a recognized exception.

## II.     STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024). "Manifest error is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Alarm Detection Sys. v. Vill. of Schaumburg*, 2024 U.S. Dist. LEXIS 196712, at *3 (N.D. Ill. Oct. 30, 2024) (quoting *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon." *Kraybill v. Adkins*, 2024 U.S. Dist. LEXIS 177204, at *16 (citing Fed. R. App. P. 4(a)(4)(A)(iv)).

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that: "On motion and just terms, the court may relief a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). "Rule 60(b)(1) allows a district court to correct its own errors." *Cruz v. Griebel*, 2023 U.S. App. LEXIS 13223, at *3 (7th Cir. May 30, 2023)

2

(unpublished) (citing *Kemp v. United States*, 142 S. Ct. 1856, 1865 (2022); *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013)). "A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *Kraybill, supra* (citing Fed. R. App. P. 4(a)(4)(A)(vi)). If the order is interlocutory, the Court retains broad discretion to revise it under Rule 54(b).

## III.    ARGUMENT

### A.  The Court Erred by Deciding an Unraised Issue Under an Inapplicable Standard

The July 29, 2025 Order correctly acknowledged the Court's concurrent jurisdiction under 28 U.S.C. § 1334(b). It then concluded that the resolution to the dispute involved whether permissive withdrawal of the reference was warranted under 28 U.S.C. § 157(d) and Local Rule 40.3.1(a). But no party had argued that permissive withdrawal was warranted. Withdrawal under § 157(d) presupposes *exclusive* jurisdiction in a Bankruptcy Court proceeding and that a party has moved to *permissively* withdraw it to a District Court for resolution. In this context, courts apply "cause" factors, such as whether the matter is core or non-core, judicial economy, uniformity in bankruptcy administration, and conservation of resources. See *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

By contrast, 28 U.S.C. § 1334(b) affords district courts with original but not exclusive jurisdiction over matters that are "related to" bankruptcy cases for which District Courts may adjudicate such claims directly—without a withdrawal of the reference. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (U.S. 1995). Where concurrent jurisdiction exists, the applicable standard is not whether "cause" exists to withdraw the reference from the Bankruptcy Court but whether the District Court should exercise its own original jurisdiction or abstain under § 1334(c)(1). That analysis turns on comity and efficiency, whether state-law issues predominate,

3

the existence of related state proceedings, the effect on bankruptcy administration, and the risk of forum shopping. See *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189–90 (7th Cir. 1993); *In re Repository Techs., Inc.,* 601 F.3d 710, 719 (7th Cir. 2010).

Here then, the Court should have proceeded to analyze whether to abstain from exercising jurisdiction, not whether withdrawal would have been proper for cause. Applying the wrong legal standard is reversible error. *See, e.g., Reilly v. Will County Sheriff's Office*, No. 23-3167, slip op. at 7–9 (7th Cir. July 8, 2025). But it is one that can be cured by the Court's application of the correct legal standard in addressing this Motion.

### B. Local Rule 40.3.1 confirms § 157(d) is not in play absent a motion to withdraw.

Local Rule 40.3.1(a) provides that "[p]ursuant to 28 U.S.C. §157(a), all cases under Title 11 U.S.C. and all proceedings arising under Title 11 U.S.C. or arising in or related to any cases under Title 11 U.S.C. are referred to the bankruptcy judges of this District." Permissive withdrawal can only be invoked under L.R. 4.3.1(a)(1) by "motion[] pursuant to 28 U.S.C. §157(d) (including a recommendation by a bankruptcy judge) for the withdrawal of the reference of a bankruptcy ("B") case, or of a contested matter or adversary ("A") proceeding within a bankruptcy case[.]" No such motion was filed here, making § 157(d) inapplicable.

### C. DJC's Claim Sounds Exclusively in Quantum Meruit and Requires No Application of Bankruptcy Law

The Order's finding that the Bankruptcy Court is better situated because of bankruptcy-specific fee law and case familiarity is incorrect. The underlying litigation and lien dispute for which DJC seeks to recover in quantum meruit were litigated in this Court under non-bankruptcy Illinois state law, not in the Bankruptcy Court or under bankruptcy law. Thus, this Court has greater familiarity with them. Under Illinois law, a party may recover in quantum meruit when (1) it performed services to the benefit of another party; (2) it did so non-gratuitously; (3) the other party

4

accepted those services; and (4) the latter party's retention of the benefit in the absence of any contract for compensation. *First Nat'l Bank of Springfield v. Malpractice Research, Inc.*, 179 Ill. 2d 353, 365, 688 N.E.2d 1179 (1997); *Installco, Inc. v. Whiting Corp.*, 336 Ill. App. 3d 776, 781, 784 N.E.2d 312 (1st Dist. 2002). Recovery is measured by the reasonable value of the services rendered rather than by a statutory fee regime. *Jameson Real Estate, LLC v. Ahmed*, 2018 IL App (1st) 171534, ¶ 61, 129 N.E.3d 128

Each element is met here. First, DJC rendered substantial legal services that directly benefited the estate by prosecuting the underlying litigation and preserving the value of claims. Second, those services were not gratuitous; DJC undertook them with the expectation of payment. Third, the estate knowingly accepted the benefits of that work, including the proceeds generated through settlement and judgment enforcement. Fourth, no § 327 retention order governed compensation, which is precisely why state-law equity supplies the governing rule.

Critically, this framework does not require the Court to resolve any question of bankruptcy law. Section 330 of the Bankruptcy Code governs fees only for professionals retained under § 327, and both the Supreme Court and Seventh Circuit have squarely foreclosed extending § 330 to attorneys like DJC who lacked such an appointment. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 538–39 (2004); *In re Weinschneider*, 395 F.3d 401, 403–05 (7th Cir. 2005). Because DJC is ineligible for § 330 relief as a matter of law, the only available vehicle is quantum meruit. That claim rises and falls entirely on Illinois common-law principles, which this Court applies every day in diversity and supplemental jurisdiction cases.

The Bankruptcy Court's expertise in applying Title 11 fee provisions is thus irrelevant. No such provisions apply. The only questions are equitable: Did DJC confer a benefit, was it non-gratuitous, was it accepted, and what is the reasonable value? These are not specialized bankruptcy

questions but classic equitable inquiries that this Court is better positioned to answer, particularly given that it, not the Bankruptcy Court, presided over the underlying litigation giving rise to the lien and compensation rights.

### D. Discretionary Abstention Under § 1334(c)(1) Is Unwarranted

Discretionary abstention "in the interest of justice, … comity with State courts, [or] respect for State law," 28 U.S.C. § 1334(c)(1), is a narrow exception; the Seventh Circuit has emphasized that federal courts should ordinarily exercise jurisdiction properly conferred and that abstention remains the exception rather than the rule. *In re Chicago, M. & St. P. & Pacific R.R.*, 6 F.3d 1184, 1189 (7th Cir. 1993)

In assessing whether to abstain, courts weigh a non-exclusive set of considerations—efficiency in administering the estate; whether state-law issues predominate and whether they are difficult or unsettled; the presence of related state proceedings; any non-§ 1334 basis for jurisdiction; the proceeding's relatedness to the bankruptcy; the substance of any "core" characterization; feasibility of severance; docket burdens; indications of forum shopping; jury-trial rights; and the presence of non-debtor parties. *Id.*

Applied here, the balance strongly favors retention. First, efficiency and case-management considerations point toward this Court deciding DJC's quantum-meruit claim. This Court supervised the underlying litigation that generated the settlement and the attorney-lien dispute; it is already steeped in the record. Sending the controversy to the bankruptcy court would duplicate efforts and delay resolution rather than advance efficient administration of the estate. *See Chicago,* 6 F.3d at 1189–90 (efficiency and case-progress considerations central to § 1334(c)(1) analysis). Second, while state law supplies the rule of decision, the operative questions are straightforward and settled: Illinois quantum meruit requires services conferred for the defendant's benefit,

6

rendered non-gratuitously, knowingly accepted, and in the absence of a contract fixing compensation, and the measure of recovery is the reasonable value of the services. See Sec. C. Third, any suggestion that a "bankruptcy-specific" fee expertise supports abstention misapprehends the claim: DJC is ineligible for Bankruptcy Code § 330 compensation because it was not employed under § 327. Because Title 11 fee provisions do not govern, the supposed comparative advantage of a bankruptcy court on § 330 issues vanish. Fourth, there is no parallel state-court proceeding to which comity might counsel deference, no indicia of forum shopping (DJC sought adjudication in the forum that oversaw the work), and severance is unnecessary because the claim is a straight-forward equitable dispute. Those considerations are neutral at best for abstention and, in context, weigh against it.

With § 1334(b) jurisdiction secure, no competing state forum, a settled state-law to apply, and this Court's familiarity with the record, discretionary abstention would disserve efficiency and comity. The Court should decline to abstain and adjudicate DJC's quantum meruit claim on the merits.

## IV.      CONCLUSION

Having expressly found that it possessed concurrent jurisdiction under 28 U.S.C. § 1334(b) this Court assumed a "virtually unflagging obligation" to exercise it. *Colorado River*, 424 U.S. at 817. By employing a withdrawal analysis that requires a motion to be brought under N.D. Ill. L.R. 40.3.1(b) that no party made the Court rested its ruling on an inapplicable and more stringent "cause" standard. This was error. See *Reilly v. Will County Sheriff's Office*, No. 23-3167, slip op. at 7–9 (7th Cir. July 8, 2025); *LSLJ P'ship v. Frito-Lay, Inc.*, 920 F.2d 476, 479 (7th Cir. 1990). Indeed, where, as here, the Court decides on "a decision outside the adversarial issues presented," reconsideration under Rule 59(e) is warranted to correct a manifest error of law. *Bank of Waunakee*

*v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Because the Court resolved a question not presented and applied the wrong legal standard, the portion of the July 29, 2025 Order declining to adjudicate DJC's fee claim should be altered or amended under Rule 59(e), or vacated under Rule 60(b)(1), and the Court should proceed to decide the motion DJC filed: whether to exercise the concurrent jurisdiction the Court already found it possesses under § 1334(b).

*Respectfully submitted,*

*/s/ Andres C. Pereira*
Andres C. Pereira
DJC LAW, PLLC
1012 W Anderson Ln
Austin, Texas 78757
(512) 220-1800
apereira@teamjustice.com
*Counsel for DJC Law, PLLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I caused a true and correct copy of the foregoing to be filed with the Court by electronic filing protocols, and that the same will be electronically served upon all attorneys and parties of record registered with the Court's ECF/CM system.

*/s/Andres C. Pereira*
Andres C. Pereira