**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ALEX MOGLIA, as Chapter 7 Trustee in the Bankruptcy Estate of ANDREA WILLIAMS, Case No. 18-16866,** | Case No.: 1:24-cv-02241 |
| Plaintiff, | Honorable April M. Perry |
| vs. | Magistrate Judge Honorable M. David Weisman |
| **WELLS FARGO BANK, N.A.,** | |
| **Defendant.** | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DJC LAW, PLLC'S MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 59(e) AND FOR RELIEF FROM JUDGMENT OR ORDER UNDER RULE 60(b)**

Plaintiff, Alex Moglia, as Chapter 7 Trustee in the Bankruptcy Estate of Andrea Williams, by and through his undersigned special counsel, hereby provides the following response in opposition to DJC Law, PLLC's Motion to alter or amend a judgment pursuant to Rule 59(e) and for Relief from Judgment or Order under Rule 60(b) [Doc. 130], as follows:

## I.   **INTRODUCTION**

As the Court has previously made clear, the only proper forum for the determination of DJC Law, PLLC's ("DJC") claim for compensation is in the bankruptcy case. DJC's being upset with the Court's ruling is no grounds to alter or amend the Court's ruling on this issue.

## II.   **STANDARD**

The Trustee has no issue with the applicable standards under Rule 59 and 60 cited by DJC.

## III.   **ARGUMENT IN RESPONSE TO DJC'S MOTION**

DJC's effort to describe the Court's prior ruling as error arises from DJC's own misapprehension of this Court's jurisdiction over matters arising under Title 11 and the proper

1

procedure to remove a matter from the jurisdiction of the Bankruptcy Court for adjudication in the District Court. As previously noted, Article III Courts have always had jurisdiction over all matters arising under Bankruptcy law. Since *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) declared the 1978 version of the Bankruptcy Code unconstitutional, every Circuit has unanimously recognized that "federal courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the Bankruptcy Code (see 28 U.S.C. § 1334), such cases are automatically referred to the Bankruptcy Court in the first instance." *Gecker v. Marathon Fin. Ins. Co., RRG*, 391 B.R. 613, 614. *See also* the Northern District of Illinois's IOP 15. Without acknowledging its own analytical and logical failings, DJC simply rehashes its request that this Court ignore controlling law and provide DJC with a path to compensation that does not involve the bankruptcy court. As the Court has properly ruled, DJC can press its argument for compensation in the bankruptcy court under whatever theory it deems valid. Rather than accept that invitation, DJC requests anew this Court ignore controlling law and entertain DJC's request. There is no reason for the Court to do so. The Court has not erred in reasoning, logic, or law.

### A. The Court Did Not Err and Did Not Apply an Inapplicable Standard

DJC argues the Court improperly considered whether withdrawing the reference was necessary for the Court to decide DJC's quantum meruit claim. DJC ignores the 7th Circuit authority holding that "A district judge should not hear as an original matter any part of a bankruptcy case it has referred to a bankruptcy judge without first withdrawing the reference[.]" *Home Ins. Co. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998). DJC also ignores the standard for determining whether withdrawal of the reference is proper:

> "[A] stringent standard governs the withdrawal of matters from the bankruptcy court. First, under the relevant statute, the Court may withdraw a reference only "for cause shown." 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or

on timely motion of any party, for cause shown."). Second, while the statute does not specify what cause must be shown, the courts agree that the consideration of a number of factors is appropriate. *See, In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992) (listing the factors to be considered). The most important factor, however, is whether the claim sought to be withdrawn is a core or non-core bankruptcy matter. *In re K&R Express Sys.*, 382 B.R. 443, 446-47 (N.D. Ill. 2007) ("[T]he most important factor [in the 'for cause' analysis] is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it."). The party seeking the withdrawal — here, Mansker — bears the burden of convincing the Court that withdrawal is proper. *Id.*"

See *Mansker v. Diversified Adjustment Serv.*, 2017 U.S. Dist. LEXIS 105547, *13-14 (N.D. Ill. July 7, 2017).

The Court properly considered these standards when rendering its decision. DJC's attempt to ignore this controlling law does not render the Court's decision erroneous. Furthermore, DJC's efforts to recast the Court's decision as contravening §157(d) also misapprehends the controlling law. Regardless of where DJC sought to litigate its claim of quantum meruit, once DJC made clear that it sought payment from the bankruptcy estate of Andrea Williams, the only proper forum for that claim is the bankruptcy forum. "Professionals seeking compensation for services rendered to a bankruptcy estate must file with the court an application for allowance of compensation and reimbursement of expenses. 11 U.S.C. § 330(a)(1)." *In re Comput. World Sols., Inc.*, 479 B.R. 483, 485 (Bankr. N.D. Ill. 2012). "[T]he allowance or disallowance of a claim against the bankruptcy estate, is expressly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Further, in accordance with *Stern*, 564 U.S. at 499, the court has constitutional authority to decide claim objections, as such objections may arise only in a case under the Bankruptcy Code and necessarily stem from the bankruptcy case itself." *In re Spiegel*, 657 B.R. 34, 43 (Bankr. N.D. Ill. 2024). "The term "property" has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed. In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the

3

reach of §541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) (citations and internal marks omitted).

DJC also errs when it argues that the Court did not consider the proper factors when the Court refused to withdraw the reference. DJC's cited case says the Court should consider "comity and efficiency, whether state-law issues predominate, the existence of related state proceedings, the effect on bankruptcy administration, and the risk of forum shopping." *In re Repository Techs., Inc.,* 601 F.3d 710, 719 (7th Cir. 2010). First, DJC has already admitted to forum shopping. DJC has repeatedly requested any court other than the Bankruptcy Court rule on its claim for compensation while also acknowledging no right to seek compensation under §330 of the Code because DJC is not a retained professional under §327. "Compensation for professionals is governed by § 330, which requires § 327 court approval. *In re Channel 2 Associates,* 88 Bankr. at 352-353." *In re Providence Television Ltd. P'ship*, 113 B.R. 446, 451 (Bankr. N.D. Ill. 1990). "Requests for compensation under section 330 of the Bankruptcy Code arise in title 11 and are also within the court's core jurisdiction. *In re Brent*, 458 B.R. 444, 449 (Bankr. N.D. Ill. 2011) (Goldgar, J.)." *In re Gilliam*, 582 B.R. 459, 463 (Bankr. N.D. Ill. 2018).

Second, if another court were to hear DJC's quantum meruit claim and attempt to grant DJC compensation from the bankruptcy estate of Andrea Williams, such an act would be void as violative of the automatic stay. "[A]cts taken in violation of the automatic stay imposed under section 362(a) of the Bankruptcy Code are deemed void ab initio and lack effect." *In re Enyedi*, 371 B.R. 327, 334 (Bankr. N.D. Ill. 2007) (collecting cases). The automatic stay prevents DJC from asserting an attorney's lien against the proceeds of the settlement in favor of the estate of Andrea Williams or having another court order compensation to be paid by the bankruptcy estate. However, DJC's actions continue to interfere with the orderly administration of the bankruptcy

estate and have already delayed the administration by many months. Therefore, this Court's analysis in refusing to withdraw the reference under either a mandatory or permissive withdrawal standard was the correct standard. But even if the Court analyzed this fact pattern under the standard proposed by DJC in its motion, the outcome would be the same. There would still be no grounds for this Court to withdraw the reference and determine DJC's alleged right to quantum meruit.

**B.      DJC Misapprehends Applicable Law on Withdrawing the Reference**

DJC next argues that §157(d) is not in play because DJC did not file a motion to withdraw the reference. Again, DJC misapprehends the law. "A district judge should not hear as an original matter any part of a bankruptcy case it has referred to a bankruptcy judge without first withdrawing the reference[.]" *Home Ins. Co. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998). DJC offers nothing, either in its original briefing or in this motion, that would excuse the Court from applying clear Circuit precedent requiring a withdrawal of the reference before hearing any part of a bankruptcy case. DJC's argument must therefore fail.

**C.      DJC's Claim Still Seeks Compensation from the Bankruptcy Estate**

DJC attempts to argue that its claim does not implicate bankruptcy law. This is simply false. At base, DJC seeks professional compensation from the bankruptcy estate of Andrea Williams. DJC's request is a claim for payment of attorney's fees based upon a theory of quantum meruit. "[T]he allowance or disallowance of a claim against the bankruptcy estate, is expressly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Further, in accordance with *Stern*, 564 U.S. at 499, the court has constitutional authority to decide claim objections, as such objections may arise only in a case under the Bankruptcy Code and necessarily stem from the bankruptcy case itself." *In re Spiegel*, 657 B.R. 34, 43 (Bankr. N.D. Ill. 2024). "Section 330 of the Bankruptcy

Code provides the statutory authority for compensating the services and reimbursing the actual and necessary expenses of trustees, professional persons and others employed under section 327. It is "the exclusive means by which a claim for professional fees relating to a bankruptcy case is allowed." *In re Del Monico*, 2006 Bankr. LEXIS 605, 2006 WL 1027225, at *2 (Bankr. N.D. Ill. April 19, 2006) (citations omitted). If counsel expects to be paid from the estate, compensation must be sought and received under section 330(a). There is no alternative. *Id.*" *In re Walsh*, 538 B.R. 466, 472 (Bankr. N.D. Ill. 2015). "Any professional not obtaining approval is simply considered a volunteer if it seeks payment from the estate. Claims under § 503(b)(1)(A) should not be used as an end-run around § 327's retention requirements." *Id.* at 474 (internal citations and quotations omitted). Here, DJC is attempting an end run around the Code by arguing its claim is based in quantum meruit. However, the only fund available to pay DJC's claim of quantum meruit is the settlement fund held by the bankruptcy estate of Andrea Williams. The law is clear. If DJC wants to be paid, DJC must seek payment through the bankruptcy court. Any other effort would violate the automatic stay, be void *ab initio*, and subject DJC and the lawyers signing DJC's papers to monetary sanctions by the bankruptcy court.

### D.      The Court's Prior Decision is Correct

DJC next argues discretionary abstention is unwarranted. Again, DJC misapprehends controlling law:

> "The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may refer these cases to the bankruptcy courts for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Northern District of Illinois has referred all of its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a)." *In re Spiegel*, 657 B.R. 34, 42 (Bankr. N.D. Ill. 2024).

This Court's jurisdiction is not in issue. The Court has referred bankruptcy matters to the bankruptcy court. The case law delineates a method for withdrawing that reference that DJC has repeatedly ignored. Notwithstanding DJC's failure to acknowledge controlling law, the District Court properly analyzed this fact pattern and determined it was not proper to withdraw the reference. DJC continues to ignore the bankruptcy court's core jurisdiction over the bankruptcy claims process and compensation of bankruptcy professionals from estate property. See *In re Yonikus* and *In re Speigel*, *supra.* This is not a matter of the Court exercising discretionary abstention. Rather, the system works exactly as planned and intended. The district court has referred all bankruptcy cases to the bankruptcy court for the Northern District of Illinois. The bankruptcy court hears all core bankruptcy proceedings. All matters involving the bankruptcy claims process and the compensation of professionals from estate property are core proceedings. DJC's willful ignorance of existing law has created this issue, not the Court's previous decision.

There is no need to consider DJC's circular argument regarding abstention. DJC's argument suffers from the same flaws previously discussed. DJC fails to acknowledge that the underlying dispute implicates the core jurisdiction of the bankruptcy court. DJC fails to comprehend that the automatic stay renders void *ab initio* any order that would reach estate property while the automatic stay is in effect.

## IV.    CONCLUSION

DJC's position evinces a complete disregard of bankruptcy law and jurisdiction. DJC fails to comprehend that professional compensation is a core proceeding in the administration of *every* bankruptcy case. DJC also admits it is forum shopping by acknowledging DJC has no path to payment in the bankruptcy court. Despite running headlong into this prohibition, DJC asks this Court to ignore Circuit precedent, ignore the bankruptcy court's core jurisdiction over the

administration of the bankruptcy estate of Andrea Williams, and provide DJC with a path to compensation that does not exist in the law. DJC's argument must fail. Core bankruptcy proceedings must be resolved in the bankruptcy court. The Trustee requests that this Court deny DJC's motion in full.

Dated: September 2, 2025

*Respectfully submitted*,

/s/ Nick Wooten
Nick Wooten, Esq.
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
770-814-7001
nick@cheeleylawgroup.com

*Special Counsel for Plaintiff Alex Moglia*

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 2, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and counsel of record.

By: /s/ *Nick Wooten*